UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-08080-JVS-PDx | Date | March 9, 2023 |
| Title | Alan Rasof v. Felix Lyubovny | | |

Present: The Honorable     **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **[IN CHAMBERS]** <u>Order Regarding Motion to Dismiss [66]</u>

Defendant Felix Lyubovny ("Lyubovny") moves to dismiss Plaintiff Alan Rasof's ("Rasof") First Amended Complaint, (Dkt. No. 12.) (Motion "Mot.," Dkt. No. 66). This motion is made pursuant to a previously filed motion to dismiss that was transferred from the United States District Court of the Southern District of Florida. (Mot., Dkt. No. 20.) Rasof opposed. (Dkt. No. 23.) Lyubovny replied. (Dkt. No. 26.)

For the following reasons, the Court **GRANTS** the motion with leave to amend the complaint within twenty-one days.

### I. BACKGROUND

*A.     Factual Background*

Plaintiff Rasof was interested in exploring business opportunities relating to medical marijuana to aid his ailing grandson when he became acquainted with Defendant Lyubovny. Lyubovny held himself out as someone who had knowledge and experience in developing a cannabis grow facility in California. (First Amended Complaint ("FAC") ¶ 6.) Lyubovny sent Rasof proposed financial statements and projections, floor plans for a lease, and other material. (Id. ¶ 7.) Lyubovny "represented to Alan [Rasof] that together they would participate in a California Grow facility . . . as well as purchasing and owning the required license to do so." (Id. ¶ 8.)

Lyubovny presented proposed bylaws to Rasof for a California corporation titled "Patient Relief Medical Remedies, Inc." (Id. ¶ 9.) He then requested funds for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:22-cv-08080-JVS-PDx                                Date   March 9, 2023

Title   Alan Rasof v. Felix Lyubovny

purchase of a "Seller's Permit," rent, and equipment related to the California Grow facility.  (Id.)  It is not clear when Rasof provided the funds to Lyubovny, but at some point, Rasof appeared to have provided the necessary funds.  (See id. ¶ 11.)

Lyubovny represented to Rasof that he had successfully obtained the facility, the seller's permit, and the lease; and operations had commenced.  (Id.)  Relying on these statements, Rasof sent a series of wire transfers directly to Lyubovny and vendors totaling $300,068.00.  (Id. ¶ 12.)

Lyubovny never confirmed that he transferred the funds from his personal account to any business account.  (Id. ¶ 14.)  Lyubovny never provided Rasof any ownership interest in any business venture, never documented Rasof's investment, and never provided any documentation as to how the funds were utilized.  (Id. ¶ 10.)  Rasof never received any shares of stock in "Patient Relief Medical Remedies, Inc."  (Id. ¶ 14.)

In October 2018, Rasof sought to be bought out of the investment.  (Id. ¶ 15.)  On October 12, 2018, Lyubovny assured Rasof that once the facility was licensed, "many investors" would "buy out their respective positions."  (Id.)

B.   *Procedural Background*

On May 16, 2022, Rasof filed suit against Lyubovny in the United States District Court of the Southern District of Florida.  (Dkt. No. 1.)  He alleged that Florida was the proper venue for suit because Lyubovny solicited Rasof, made representations to him, and committed tortious acts in Florida.  (Id.).  On June 28, 2022, Rasof jointly filed an agreed motion for more definite statement.  (Dkt. No. 9.)  On July 17, 2022, Rasof first amended his complaint.  (Dkt. No. 12.)

On August 3, 2022, Lyubovny filed a motion to dismiss.  (Dkt. No. 20.)  This motion was fully briefed.  (Dkt. Nos. 23, 26.)  On October 31, 2022, United States District Judge Rodney Smith declined to rule on the merits of the motion to dismiss but granted Lyuobovny's motion to transfer the matter to the Central District of California.  (Order Granting Def.'s Mot. Transfer 3, Dkt. No. 39.)  Judge Smith reasoned that the convenience of the parties and the interests of justice favored the transfer to California.  (Id. at 5–6.)  The case was transferred to this Court thereafter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:22-cv-08080-JVS-PDx    Date  March 9, 2023

Title  Alan Rasof v. Felix Lyubovny

On February 9, 2023, Lyubovny filed the instant motion, renewing the previously filed motion to dismiss (Dkt. No. 20) that was not adjudicated on the merits. The matter having been fully briefed, no additional briefing was required. The Court now considers Lyubovny's Motion to Dismiss.

## II. Discussion

The Motion is made on the grounds that the claims are (1) barred by the statute of limitations, (2) fail to state a recognized cause of action, and (3) are not plead with specificity as required by Rule 9(b). (Mot., Dkt. No. 66.) Typically, the Court would address each argument in turn. However, Rasof did not address the arguments in opposition. (Opp'n, Dkt. No. 23.) Instead, Rasof argued that the dismissal motion is procedurally flawed. (Id.)

Rasof incorrectly argues Lyubovny waived his 12(b)(6) defenses when the parties jointly filed the motion for a more definite statement. (Id.) First, Fed. R. Civ. P. 12(h)(1) does not apply to defenses raised under Fed. R. Civ. P. 12(b)(6). Therefore, Lyubovny never "waived" such defenses. Second, Fed. R. Civ. P. 12(g)(2) is wholly inapplicable here. The earlier joint motion for definite statement pertained to the original complaint. After Rasof filed the amended complaint, the district court permitted Lyubovny to "answer or otherwise respond" to the amended complaint. (Dkt. No. 9.) He then filed the instant motion. The motion to dismiss is in reference to the amended complaint—not the original complaint. Therefore, Lyubovny's 12(b)(6) defenses could not have been raised earlier. In sum, Lyubovny has not waived his 12(b)(6) defenses.

However, Rasof has failed to address any of the relevant arguments related to this motion. (Opp'n.) Typically, when a plaintiff fails to address arguments in opposition, those arguments are deemed waived. Personal Elec. Transports, Inc. v. Office of U.S. Tr., 313 Fed. App'x 51, 52 (9th Cir. 2009); Shorter v. L.A. Unified Sch. Dist., No. 13-3198, 2013 U.S. Dist. LEXIS 172372, at *13–15 (C.D. Cal. Oct. 21, 2013) (collecting cases). Notwithstanding, the Court declines to address the substance of Lyubovny's motion to dismiss but grants the motion so that Rasof may file an amended complaint. Lyubovny may then file a motion to dismiss for failure to state a claim based on the newly amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:22-cv-08080-JVS-PDx                  Date  March 9, 2023

Title  Alan Rasof v. Felix Lyubovny

     For the foregoing reasons, the Court **GRANTS** the motion with leave to amend the complaint within twenty-one days of this Order.  The Court **VACATES** the March 13, 2023, hearing.  The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

     **IT IS SO ORDERED.**